# THE NATIONAL CABLE COMPANY

*v.*

# THE WASHINGTON AND GEORGETOWN RAIL-ROAD COMPANY.

---

APPEALS FROM INTERLOCUTORY ORDERS, TIME OF APPLICATION FOR.

1. An appeal will not be allowed to this court from an interlocutory order of the court below sustaining a demurrer to the second count of a declaration on the ground that it is substantially the same as the first count.

2. The power conferred upon this court by the act of Congress of February 9, 1893, of allowing appeals from interlocutory orders of the court below whenever it is made to appear that such allowance is in the interest of justice, should not be exercised so as to allow a greater latitude for appeal from such orders than in cases where the appeal is a matter of right; and an application for the allowance of an appeal made after the lapse of thirty days, exclusive of Sundays, from the rendition of the order which it is sought to review, is not made in due time.

3. On such an application, the appeal not being a matter of right, the fact that within twenty days from the rendition of the order of the court below an order for the entry of an appeal was filed by the petitioner in the clerk's office of that court, will not be taken into consideration by this court.

Submitted January 14, 1896.   Decided January 17, 1896.

UPON the petition of The National Cable Company for leave to be allowed an appeal from an order of the Supreme Court of the District of Columbia sustaining a demurrer filed by the defendant, The Washington and Georgetown Railroad Company, to one of two counts of a declaration filed in that court by the petitioner as plaintiff. *Refused.*

*Messrs. Phillips & McKenney* for the petitioner.

Mr. Justice MORRIS delivered the opinion of the Court:

The petitioner's cause of action in the suit is based upon a contract in writing and under seal, whereby the petitioner for a specified consideration gave to the defendant a license to use certain patented devices for cable cars. The patents were in litigation at the time the contract was made, and that fact is alleged to have been equally known to both parties. Upon subsequent adjudication by the Supreme Court of the United States, the patents were declared to be null and void; and thereupon the defendant refused to pay the deferred portion of the consideration money which it had stipulated to pay. The petitioner then instituted the pending suit in the Supreme·Court of the District. Its declaration contains two counts, the first on the contract, the second stating, in addition to the contract, the fact that the parties had entered into it with full knowledge of the litigation pending in regard to the patents, the purpose of the allegation being that both the parties took the risk of the litigation and bound themselves without reference to the result of that litigation.

A demurrer was interposed to the second count, on the ground that it was substantially the same as the first; and the demurrer was sustained by the court. From the order of the court sustaining that demurrer the petitioner prays to be allowed an appeal under the clause of the act of Congress of February 9, 1893, creating this court, whereby the court was authorized to allow appeals from interlocutory orders, whenever it is made to appear that it is in the interest of justice to allow such appeal.

We are unable to see any good reason for the allowance of an appeal in this case.

If the second count of the declaration is the same in substance as the first count, as alleged by the defendant and found by the court below, the plaintiff will be entitled to adduce under the first count all the proof which it would be entitled to do under the second count, either in chief or

by way of rebuttal or otherwise ; and it would not be proper for the defendant to object to such testimony or for the court to decline to receive it. If the court admitted such testimony under the first count the petitioner would not be aggrieved by the striking out of his second count. If, on the other hand, the court refused at the trial to admit such testimony on the ground that there *were no allegations in the declaration* on which to base it, there would undoubtedly be error either in the exclusion of the testimony or in sustaining the demurrer to the second count, unless of course *the exclusion of the testimony could be justified upon some other ground ;* and this error could be corrected upon appeal from the final judgment that might be rendered in the case.

Moreover, it is not apparent that the exclusion of the second count of the declaration in any manner injures the petitioner, inasmuch as its contract, which is apparently under seal, imports consideration and the petitioner is entitled to rely upon it in making out its *prima facie* case, and the matters sought to be set forth in the second count might properly come in on rebuttal, if testimony is admitted on behalf of the defendant to attack the consideration.

We fail to see that any case is made out by the petition to justify the exercise in this case of the exceptional power given to the court to allow appeals from interlocutory orders.

But there is another consideration which we think proper to notice in this instance.

The rules of this court provide that appeals from the final orders, judgments and decrees of the Supreme Court of the District of Columbia shall be taken within twenty days, exclusive of Sundays ; but the rules are silent with regard to the time at which application must be made to this court for the allowance of an appeal in the case of interlocutory orders from which no appeal will lie except in the discretion of this court. But it does not seem proper in this latter class of cases that the discretion should be so

exercised as to allow greater latitude for appeal in them than in cases where the appeal is a matter of right.. Here the order, which it is sought to review, was rendered on December 9, 1895 ; and the application for allowance of appeal was made on January 14, 1896, after the lapse of a period of thirty days, exclusive of Sundays. We cannot regard this application as having been made in due time. It is true that an order for the entry of an appeal was filed by the petitioner in the office of the clerk of the Supreme Court of the District of Columbia on December 27, 1895 ; but if the appeal was not a matter of right, the entry of that order is not proper to be taken into consideration by us.

We think *the prayer of the petition must be refused. And it is so ordered.*